UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN J. FORTNER,

    Plaintiff,

v.

AT&T Michigan,

    Defendant.
                                 /

Case No. 07-11999

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING DEFENDANT'S JULY 18, 2007 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant AT&T Michigan's July 18, 2007 motion for summary judgment. Marilyn J. Fortner, a *pro se* plaintiff, filed her response August 9, 2007. No reply was filed, and no oral argument was heard. Local Rule 7.1(e)(2)(Dec. 1, 2005).

## BACKGROUND FACTS

Plaintiff Marilyn J. Fortner filed suit against her former employer Ameritech on June 5, 2000, in United States District Court for the Eastern District of Michigan. The case, 00-72526, was assigned to Judge Paul D. Borman of this court. Plaintiff's complaint alleged a violation of Title VII, sexual harassment, and retaliation. After discovery, defendant Ameritech filed a motion for summary judgment, which Judge Borman granted January 14, 2002; and judgment was entered in favor of Ameritech.

Plaintiff's subsequent motion for reconsideration was denied, and Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit. Following appellate review, the court affirmed the lower court's order granting Defendant's motion for summary judgment on October 21, 2002.

Plaintiff filed this complaint May 5, 2007, against Ameritech's successor, AT&T Michigan, alleging age and disability discrimination and retaliation for filing an earlier complaint with the EEOC. The claims are barred by the doctrine of *res judicata* and are also time-barred by the applicable statute of limitations.

## LAW AND ANALYSIS

The United States Court of Appeals for the Sixth Circuit recently reiterated the doctrine of *res judicata* and its application under Michigan law.

> The Michigan Supreme Court 'has taken a broad approach to the doctrine of res judicata,' determining that it 'bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' The doctrine 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'

Bates v. Township of Van Buren, 459 F.3d 731, 734 (6th Cir. 2006)(quoting Adair v. State, 470 Mich. 105 (2004).

In this case defendant AT&T Michigan is the successor to previous defendant Ameritech. Plaintiff's alleged causes of actions seek recovery for the same injury upon which a judgment on the merits has been issued in a prior suit, notwithstanding the fact that a different legal theory of recovery is advanced in the second suit. See Silcox v. United Trucking Serv, Inc., 687 F.2d 848, 852 (6th Cir. 1982). Because the causes of action alleged in this suit could have been resolved in the suit that was filed seven years ago, the doctrine of *res judicata* bars Plaintiff's claims.

In addition, Plaintiff was terminated from her employment in April 1999; this suit was filed in May 2007. Application of Michigan's three-year statute of limitations to employment discrimination claims bars all of the state claims alleged in this complaint. Likewise, Plaintiff's

2

federal claims are barred by her failure to file with the EEOC within 300 days of the alleged age discrimination and 180 days of the alleged discrimination based on disability. Dao v. Auchan Hypermarket, 96 F.3d 787, 788 (5th Cir. 1996).

## **ORDER**

It is hereby **ORDERED** that defendant AT&T Michigan's July 18, 2007 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara<br>
United States District Judge

Dated: September 06, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 6, 2007, by electronic and/or ordinary mail.

s/William Barkholz<br>
Case Manager